IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CRIM. NO. 17-00514 JMS (02) |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR CHANGE OF VENUE, ECF NO. 75, WITHOUT PREJUDICE |
| vs. | |
| ALEXANDER VANBURN COOPER (02), | |
| Defendant. | |

## ORDER DENYING DEFENDANT'S MOTION FOR CHANGE OF VENUE, ECF NO. 75, WITHOUT PREJUDICE

### I. INTRODUCTION

Currently before the court is Defendant Alexander Vanburn Cooper's ("Defendant") January 14, 2019 Motion for Change of Venue Pursuant to Rule 21 of the Federal Rules of Criminal Procedure ("Motion for Change of Venue"). ECF No. 75. Defendant asks the court to transfer this case to the Central District of California, where Defendant resides. The Government filed an Opposition on January 22, 2019, ECF. No. 80, and a hearing was held on January 29, 2019. Based on the following, the court DENIES the Motion for Change of Venue.

### II. DISCUSSION

The court first outlines the legal framework applicable to Defendant's Motion for Change of Venue, and then applies it to the facts of this case.

## A. Legal Framework

Federal Rule of Criminal Procedure 21(b) provides that "[u]pon the defendant's motion, the court may transfer the proceeding . . . against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." Fed. R. Crim. P. 21(b).

The burden is on the defendant to show that transfer should be granted. *See In re United States*, 273 F.3d 380, 388 (3d Cir. 2001). With that said, however, "the defendant is not required to show 'truly compelling circumstances for . . . change . . . [of venue, but rather that] all relevant things considered, the case would be better off transferred to another district.'" *Id*. (quoting *In re Balsimo*, 68 F.3d 185, 187 (7th Cir. 1995) (alterations in original)). Whether to grant the motion rests within "the sound discretion of the trial court." *United States v. Testa*, 548 F.2d 847, 856 (9th Cir. 1977).

In exercising its discretion, the court should consider a number of factors, including the: (1) location of the defendant; (2) location of the possible witnesses; (3) location of the events likely to be at issue; (4) location of relevant documents and records; (5) potential for disruption of the defendant's businesses if transfer is denied; (6) expenses to be incurred by the parties if transfer is denied; (7) location of defense counsel; (8) relative accessibility of the place of trial;

(9) docket conditions of each potential district; and (10) any other special circumstance that might bear on the desirability of transfer. *See Platt v. Minn. Mining & Mfg. Co*., 376 U.S. 240, 243-44 (1964). Although the Ninth Circuit has not engaged these factors in depth, other Circuits have explained that none of these considerations is dispositive and that the court must instead "try to strike a balance and determine which factors are of greatest importance." *United States v. Maldonado-Rivera*, 922 F.2d 934, 966 (2nd Cir. 1990); *see United States v. Morrison*, 946 F.2d 484, 489 n.1 (7th Cir. 1991) (same). Some degree of inconvenience is inevitable, and the court must consider both the defendant's and the government's inconvenience. *Testa*, 548 F.2d at 857.

**B. Application**

The parties address most, but not all, of the *Platt* factors. The court likewise addresses the factors that appear to be in dispute.

  *1.* ***Location of the Defendant***

Defendant resides in the Central District of California. Nonetheless, with an estimated trial length of one week, the inconvenience to the Defendant of a trial in Honolulu is not as great as that caused by a lengthy trial.

In addition to his residence in the Central District of California, defense counsel points out that Defendant suffered a stroke, and submitted a memorandum of a telephone interview of Jamal Straughter regarding Defendant's

3

present mental capacity, along with medical records. Counsel is concerned that communication with Defendant is made more difficult because of Defendant's impairments.[1] Overall, this factor supports transfer.[2]

## 2. *Location of the Possible Witnesses*

Both the United States and Defendant list possible witnesses and their current places of residence. At least four of the witnesses that the United States intends to call are located in Honolulu, and several of the witnesses that Defendant seeks to call are incarcerated by the Bureau of Prisons in locations throughout the mainland, including Dublin, California; Greenville, Illinois; Forth Worth, Texas; and Big Spring, Texas.[3]

In considering these witness locations, the court recognizes the importance of Defendant being able to produce witnesses at trial. *See, e.g.*, *United*

---

[1] Defendant claims, with no support, that permitting the trial to take place in Honolulu may disrupt his medical treatment. For example, Defendant claims that transfer to California "would prevent any potential disruption to Mr. Cooper's access to his prescriptions and other health services for the duration of the trial." Motion for Change of Venue at 5. But Defendant has provided no evidence that he could not bring his prescriptions with him for a relatively short trial in Honolulu, or that he will need on-going medical treatment while in Honolulu.

[2] During the January 29 hearing, the court made clear that counsel may refile the Motion for Change of Venue if she determines that Defendant's mental impairment combined with long-distance communication does in fact cause a lack of ability for counsel and Defendant to prepare their case (as opposed to counsel's current speculative concerns about future communication problems).

[3] The parties initially disagreed about the current residence of co-defendant Sherease Latin, but during the January 29 hearing, agreed that Latin is currently released pending sentencing and living in the Western District of Washington.

*States v. Johnson*, 323 U.S. 273, 279 (1944) (Murphy, J., concurring). But it is clear that trial in either the District of Hawaii or the Central District of California will cause hardship to some witnesses—wherever trial is held, witnesses will have to travel to provide testimony. The in-custody witnesses are all outside the Central District of California, and most will have to be transported to court, whether in Los Angeles or Honolulu. Further, Defendant has not argued that he will in fact be unable to obtain these witnesses for trial in the District of Hawaii.

Given that no witnesses appear to reside in the Central District of California, and at least four witnesses reside in Hawaii, this factor weighs in favor of a trial in the District of Hawaii.

### 3. *Location of the Events Likely to be at Issue*

Although the conspiracy charged includes events in both California and Hawaii, the United States states that its case-in-chief "will focus on the Defendant's actions *in Hawaii*, not in California." Opp'n to Motion to Transfer at 8. Given this representation, this factor weighs, albeit slightly, in favor of a trial in the District of Hawaii.

### 4. *Expenses to be Incurred by the Parties if Transfer is Denied*

Given that the United States has identified four trial witnesses located in Hawaii, and no party has located a single witness from the Central District of California, the court is not able to determine if a trial would be more costly in one

5

district or the other. At best, this factor is neutral, especially because the government will pay for both the prosecution and defense costs.[4] *See United States v. Estrada*, 880 F. Supp. 2d 478, 484 (S.D.N.Y. 2012) ("In the absence of evidence of a material difference in total travel costs or, more importantly, evidence that Estrada cannot afford to bear those costs, this factor does not favor transfer.").

### 5. *Location of Defense Counsel*

Defendant claims this factor favors transfer because a California-based counsel would be appointed in the Central District of California. But the question isn't whether new counsel could be appointed; this factor centers on the location of Defendant's current counsel. *See Estrada*, 880 F. Supp. 2d at 485 ("The *Platt* factor denominated 'location of defense counsel' concerns exactly that: the location of defense counsel[.]"). Given that defense counsel resides in Honolulu, this factor weighs against transfer.

### 6. *Relative Accessibility of the Place of Trial*

As this court has previously stated, "Hawaii is . . . accessible — Honolulu is a major metropolitan city with direct flights from mainland cities throughout the United States. Although other locations on the mainland may require less travel time for some witnesses, as explained above, some witnesses

---

[4] Defendant is represented by the Federal Public Defender for the District of Hawaii.

will need to travel long distances regardless of where trial is held." *United States v. Williams*, 2013 WL 4510599, at *3 (D. Haw. Aug. 22, 2013). This factor does not weigh in favor of transfer.

### 7. *Docket Conditions of Each Potential District*

For the fiscal year ending September 30, 2019, the Central District of California had 507 pending cases per active judge; for the same time period, the District of Hawaii had 218 pending cases per active judge. *See* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2018.pdf at pages 68 and 70 (last visited January 30, 2019). This factor weighs against transfer.

### 8. *Weighing the Platt Factors*

Based upon careful consideration of all the factors, the court finds that the inconvenience to the Defendant to have a trial outside of his home district is not outweighed by the other factors. Wherever trial is held, it will be inconvenient to many witnesses. Further, a transfer to the Central District of California would require appointment of new counsel, and would almost certainly delay trial. Thus, given all these considerations, Defendant has failed to establish that "all relevant things considered, the case would be better off transferred to another district." *In re United States*, 273 F.3d at 388.

## III. CONCLUSION

For the reasons set forth above, the court DENIES Defendant's Motion for Change of Venue Pursuant to Rule 21 of the Federal Rules of Criminal Procedure, ECF No. 75, without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 31, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Cooper*, Crim. No. 17-00514 JMS (02), Order Denying Defendant's Motion for Change of Venue, ECF No. 75, Without Prejudice